**Jesse Alfred BALL, Jr., Appellant,**

v.

**STATE of Texas.**

**No. 11–81–104–CR.**

Court of Appeals of Texas, Eastland.

April 8, 1982.

Discretionary Review Refused June 30, 1982.

Kerry P. Fitzgerald, Dallas, John McShane, Law Offices of John McShane, Dallas, for appellant.

Karen Chilton Beverly, Asst. Dist. Atty., Dallas, for appellee.

DICKENSON, Justice.

The jury found that Jesse Alfred Ball, Jr. was guilty of murder[1] and assessed his punishment at confinement for 15 years.[2] He appeals.[3] We reverse the conviction and remand the cause.

The indictment charged that on or about October 4, 1978, in Dallas County, Texas, appellant "... did unlawfully, then and there intentionally and knowingly cause the death of Richard Casteel, an individual, by stabbing the said Richard Casteel with a knife...." The trial which began on March 19, 1979, resulted in a mistrial after the jury first reported a verdict finding appellant guilty of the lesser included offense of voluntary manslaughter.[4] When the jury was polled one juror answered that the verdict was not his verdict, and the jury was instructed to resume its deliberations. The order declaring a mistrial states that the jury deliberated in excess of 16 hours and stated on two occasions that it could not reach a verdict. The trial which began on May 14, 1979, resulted in the conviction which we are called upon to review.

Appellant's first ground of error is that the trial court committed reversible error in overruling his amended motion for new trial because the State suppressed material evidence which was favorable to appellant. The trial court's docket entry for March 20, 1979, states: "... Defendant presented *Brady v. Maryland* motion; State says it has no information or statements of exculpatory or mitigatory nature; Court advised State to deliver to defendant any *Brady v. Maryland* info...."

*Brady v. Maryland*, 373 U.S. 83 at 87, 83 S.Ct. 1194 at 1196–1197, 10 L.Ed.2d 215 at 218 (1963), states:

We now hold that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or punishment, irrespective of the good faith or bad faith of the prosecution.

*United States v. Agurs*, 427 U.S. 97 at 108, 96 S.Ct. 2392 at 2399–2400, 49 L.Ed.2d 342 at 352 (1976), states:

(T)he prudent prosecutor will resolve doubtful questions in favor of disclosure. But to reiterate a critical point, the prosecutor will not have violated his constitutional duty of disclosure unless his omission is of sufficient significance to result in the denial of the defendant's right to a fair trial.

See and compare *Turpin v. State*, 606 S.W.2d 907 (Tex.Cr.App.1980, en banc); *Ridyolph v. State*, 503 S.W.2d 276 (Tex.Cr. App.1973).

The photograph which was produced by the State on June 12, 1979, during the hearing on appellant's motion for new trial, shows an injury to appellant's eye. The assistant district attorney who prosecuted appellant in both trials of this cause testified at the hearing. He admitted that the photograph shows appellant as he looked at or about the time of his arrest. It was taken at the Dallas Police station at about 6:00 a. m. on the morning appellant was arrested. The prosecutor admitted that he

1. Tex.Penal Code Ann. § 19.02 (Vernon 1974) defines the offense of murder and declares that it is a first degree felony offense.

2. Tex.Penal Code Ann. § 12.32 (Vernon 1974 and Vernon Supp.1982) provides that an individual adjudged guilty of a felony of the first degree shall be punished by confinement for life or for any term of not more than 99, nor less than 5, years. Subsequent to the date of this offense, the legislature authorized a fine of not more than $10,000 in addition to imprisonment.

3. This appeal was originally filed in the Texas Court of Criminal Appeals, and it was transferred from that court to the Dallas Court of

Appeals on September 1, 1981. See 1981 Tex. Gen.Laws, ch. 291, § 149 at 820. The Supreme Court of Texas transferred the case from the Dallas Court of Appeals to this court on October 1, 1981. See Tex.Rev.Civ.Stat.Ann. art. 1738 (Vernon 1982).

4. Tex.Penal Code Ann. § 19.04 (Vernon 1974) defines the offense of voluntary manslaughter. It reduces a homicide from murder, a first degree felony, to voluntary manslaughter, a second degree felony, if appellant "caused the death under the immediate influence of sudden passion arising from an adequate cause."

had the photograph during the first trial of this case and that it was shown to two of the police officers who testified. He did not show the photograph to appellant or his attorneys, even though the trial court had granted a *Brady* motion and advised the state to "deliver to defendant any *Brady v. Maryland* info."

The events leading up to the fight in which Casteel was stabbed were hotly contested. Appellant testified to a version which would have raised the issues of self-defense and sudden passion arising from an adequate cause. The picture would have been persuasive evidence to corroborate his story of what happened, and it should have been produced in compliance with the trial court's ruling. Compounding the error, the prosecutor then argued to the jury, during the final argument on the guilt or innocence phase of the second trial:

> And then, you know, the real kicker is, by his story, by this man's version, the events of October 4th, 1978, make him the victim, the victim of a brutal attack.
>
> But what does he do? What does he do? Does he go home and call the police? No. No. He goes home and takes a shower and goes to bed. He doesn't even seek any medical attention, and *according to him he's received some terrible injuries. Of course, we know that's not true by the police officers.* (Emphasis added).

The police officers testified that he did not appear to be injured. The photograph would have corroborated appellant's testimony that Casteel was hitting him in the face during the fight and that appellant was defending himself. We hold that this nondisclosed evidence is material to the defense of the accused. See *Turpin v. State,* supra; *Quinones v. State,* 592 S.W.2d 933 (Tex.Cr.App.1980, en banc), cert. denied, 449 U.S. 1027, 101 S.Ct. 600, 66 L.Ed.2d 490 (1980).

As the majority opinion stated in *Agurs,* 427 U.S. 97 at 112, 96 S.Ct. 2392 at 2402, 49 L.Ed.2d 342 at 355 (1976):

> It necessarily follows that if the omitted evidence creates a reasonable doubt that did not otherwise exist, constitutional er-

ror has been committed. This means that the omission must be evaluated in the context of the entire record.

Consequently, we sustain appellant's first ground of error. We hold that the trial court committed reversible error in overruling the motion for new trial. The hearing on that motion shows that the State suppressed a photograph of appellant which was material evidence favorable to appellant. We do not agree with the State's argument that this photograph was "merely cumulative evidence." We do not reach the second ground of error, and there is no challenge to the sufficiency of evidence.

The judgment of the trial court is reversed, and the cause is remanded.